IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Rodney C. Bates, # 132951,<br><br>                Plaintiff,<br><br>    vs.<br><br>Ofc. J. Quinn and<br>Sgt. Cozzoli,<br><br>                Defendants. | Civil Action No. 6:15-4260-BHH-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

        The plaintiff is a detainee at the Greenville County Detention Center in Greenville, South Carolina. The two defendants are guards at the Greenville County Detention Center. The above-captioned civil rights action arises out of the confiscation and destruction of Kaballah strings used by the plaintiff and other prisoners at the Greenville County Detention after a religious study session on September 3, 2015. It can be judicially noticed that Kaballah strings are used by certain sects in Judaism as an amulet, purportedly, to protect its wearer. The plaintiff states that the strings were destroyed on the day they were confiscated (doc. 1 at 3). In his prayer for relief, the plaintiff seeks $10,000 from Officer Quinn, who took the strings; $5,000 from Sgt. Cozzoli; and an order directing the Greenville County Detention Center to provide Kaballah strings to "inmates the same as they do rosary for inmates" (*id*. at 4).

        Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint and attachments pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro*

*se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

A prison's or jail's failure to accommodate religious beliefs of inmates may be the subject of an action for injunctive relief under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc through 2000cc-5, which was held by the Court of Appeals to be constitutional in *Madison v. Riter*, 355 F. 3d 310 (4th Cir. 2003); *see also Couch v. Jabe*, 679 F.3d 197, 203–04 (4th Cir. 2012). Both the Supreme Court and the Court of Appeals, however, have limited damages available pursuant to RLUIPA. *See Sossamon v. Texas*, 563 U.S. 277 (2011) ("We conclude that States, in accepting federal funding, do not consent to waive their sovereign immunity to private suits for money damages under RLUIPA because no statute expressly and unequivocally includes such a waiver."). Actions for damages are not allowed under RLUIPA against government officials in their individual capacities. *Rendelman v. Rouse*, 569 F.3d 182, 189 (4th Cir. 2009) (rejecting a claim that the spending clause permitted a RLUIPA claim for individual capacity damages: "Hence, Rendelman cannot rely on RLUIPA's spending clause basis to pursue his claim for individual capacity damages.").

The above-captioned case is not maintainable as a Section 1983 action. Deprivations of personal property, including negligent or intentional deprivations of personal property, do not support an action for damages under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328–36 (1986). In *Daniels v. Williams*, the Supreme Court overruled its earlier holding in *Parratt v. Taylor*, 451 U.S. 527 (1981), that negligent deprivations of property implicate due process interests. Secondly, 42 U.S.C. § 1983 does

2

not impose liability for violations of duties of care arising under state law. In other words, "[t]he Due Process Clause of the Fourteenth Amendment . . . does not transform every tort committed by a state actor into a constitutional violation." *DeShaney v. Winnebago Cnty. Dep't of Soc. Serv*s., 489 U.S. 189, 200–03 (1989).

Under South Carolina law, the plaintiff has an available state court remedy, the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10 *et seq*. (Westlaw 2015). Section 15-78-30 and its subparts encompass a "loss" of property from an occurrence of negligence proximately caused by a person employed by the State of South Carolina, a state agency, or political subdivision while acting within the scope of his or her employment. The plaintiff's claims relating to his lost property (the Kaballah string) are cognizable under the South Carolina Tort Claims Act because the Greenville County Detention Center is operated by a political subdivision or state agency of the State of South Carolina.

In any event, the plaintiff cannot "represent" other inmates or detainees at the Greenville County Detention Center with respect to their Kaballah strings. *See Inmates v. Sheriff Owens*, 561 F.2d 560, 562–63 (4th Cir. 1977) (one inmate does not have standing to sue on behalf of another inmate); *Hummer v. Dalton*, 657 F.2d 621, 625–26 (4th Cir. 1981) (a prisoner cannot act as a "knight-errant" for others); and *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (a *pro se* prisoner cannot be an advocate for others in a class action).

Based on the foregoing, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process. The plaintiff's attention is directed to the Notice on the next page.

October 20, 2015                                              s/ Kevin F. McDonald
Greenville, South Carolina                              United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).